AO 106 (Rev. 06/09) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
Eastern District of Virginia

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
Disclosure of Location-Based Services for AT&T Cellular )  Case No. 1:17-sw-394
Telephone Number (202) 304-4414 )
)
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*
Facilities belonging to AT&T associated with cellular telephone number (202) 304-4414. This Court has authority to issue this warrant under 18 U.S.C. §§ 2703(c)(1)(A) and 2711(3)(a) and Fed. Rule of Crim. P. 41.

located in the _____Unknown_____ District of _____, there is now concealed *(identify the person or describe the property to be seized):*
Disclosure of location-based electronic communications data for AT&T cellular telephone number (202) 304-4414.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841(a)(1) & 846 | Conspiracy to distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, and heroin, a Schedule I controlled substance |

The application is based on these facts:
See attached affidavit of Donald August Mockenhaupt, FBI Special Agent.

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Donald August Mockenhaupt, FBI Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 07/07/2017

/s/ Theresa Carroll Buchanan
United States Magistrate Judge
*Judge's signature*

City and state: Alexandria, Virginia

The Honorable Theresa C. Buchanan, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION ) | |
| OF THE UNITED STATES OF AMERICA ) | |
| FOR A SEARCH WARRANT AND ORDERS ) | <u>(Under Seal)</u> |
| PURSUANT TO 18 U.S.C. §§ 2703(c)(1)(A) ) | |
| AND 3122(a)(1) FOR THE 1) DISCLOSURE ) | 1:17-sw-394 |
| OF LOCATION BASED SERVICES, ) | |
| 2) DISCLOSURE OF STORED ) | |
| TELECOMMUNICATIONS RECORDS FOR ) | |
| TELEPHONE NUMBER **(202) 304-4414** ) | |
| AND 3) INSTALLATION OF A PEN ) | |
| REGISTER AND TRAP AND TRACE DEVICE ) | |

AFFIDAVIT IN SUPPORT OF
A SEARCH WARRANT AND ORDER UNDER 18 U.S.C. § 2703(c)(1)(A)
<u>AND AN ORDER UNDER 18 U.S.C. § 3122(a)(1)</u>

I, Donald August Mockenhaupt, being duly sworn, depose and state as follows:

INTRODUCTION

1. I am a duly appointed Special Agent of the Federal Bureau of Investigation (FBI) and have been employed as such since February 2002. I am currently assigned to a squad that investigates violent gangs and criminal enterprises out of the Washington (D.C.) Field Office, Northern Virginia Resident Agency, and I have been assigned to this squad since August 2004.

2. As an FBI Special Agent, I have received extensive training in the enforcement of the criminal laws of the United States, as well as extensive training in criminal investigations. I have also participated in numerous investigations involving unlawful narcotics distribution. In these investigations, I have been involved in the application for and execution of many arrest and search warrants for narcotics related offenses, resulting in the prosecution and conviction of numerous individuals and the seizure of illegal drugs, weapons, illegal drug proceeds, and other

evidence of criminal activity. As a narcotics investigator, I have interviewed many individuals involved in drug trafficking and have obtained information from them regarding the acquisition, sale, importation, manufacture, and distribution of controlled substances. Through my training and experience, I am familiar with the actions, habits, traits, methods, and terminology utilized by the traffickers and users of controlled dangerous substances.

3. Based on my training, education, and experience, I know that it is common for individuals engaged in the distribution of controlled substances to use telephonic communications to further their criminal activities. I know that individuals engaging in the distribution of controlled substances use cellular telephones and cellular telephone technology to communicate and remain in constant contact with customers and the sources of those controlled substances. I also know that individuals who engage in the distribution of controlled substances use cellular telephones to exchange information with customers and/or source(s) of supply through text messaging and instant messaging in addition to direct telephone conversations.

4. This affidavit is submitted in support of an application for a search warrant, an order for the disclosure of location-based services and stored telecommunications records, and an order for the installation of a pen register and trap and trace device for the cellular telephone number **(202) 304-4414**, serviced by AT&T (as defined in the Application and herein as "SUBJECT TELEPHONE NUMBER"), pursuant to Federal Rule of Criminal Procedure 41(d)(1) and Title 18, United States Code, Sections 2703(c) and 3122(a). The SUBJECT TELEHONE NUMBER is suspected to be used by Donnell Leroy WILLIAMS (WILLIAMS), and for the reasons described herein, there is probable cause to believe that the SUBJECT TELEPHONE NUMBER is being used by WILLIAMS in connection with and to further a conspiracy to distribute fentanyl, a

2

Schedule II controlled substance, and heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 846. The facts further demonstrate sufficient grounds to believe the disclosure of location-based services and the disclosure of stored telecommunications records, as well as the installation of a pen register and trap and trace device on the SUBJECT TELEPHONE NUMBER, will be relevant and material to an ongoing criminal investigation.

5. This affidavit does not contain every fact known to me regarding this investigation, but rather contains information necessary to demonstrate probable cause in support of the above-referenced search warrant and orders. The facts and information contained in this affidavit are based on information from undercover drug purchases, a confidential source, my personal knowledge, and information obtained from other law enforcement officers. All observations referenced in this affidavit that were not personally made by me were relayed to me by the person(s) who made such observations or in reports that detailed the events described by that person(s).

PROBABLE CAUSE

6. In 2017, the Fairfax County Police Department's (FCPD) Narcotics Unit obtained information from a confidential source (hereafter "CS") that VICTORIA MICHELLE JOVINELLY resided in Washington, D.C., and that she used and distributed heroin.

7. On May 9, 2016, an FCPD detective operating in an undercover capacity (hereafter "UC") traveled with the CS to meet JOVINELLY for the purpose of buying one gram of heroin. The UC was outfitted with an audio/video recording device. Shortly after JOVINELLY entered the UC's vehicle in Washington, D.C., she informed the UC and the CS that they would have to

travel to Maryland to obtain the heroin. They drove to a parking lot in Hyattsville, Maryland, where JOVINELLY exited the UC's vehicle with $120 in official government funds. JOVINELLY was observed entering a vehicle operated by WILLIAMS. She returned to the UC's vehicle shortly thereafter with the suspected heroin, and she gave it to the UC. JOVINELLY provided WILLIAMS' telephone number to the CS while they were in the vehicle, and the CS then provided it to the UC so that the UC could contact WILLIAMS directly for future transactions. The UC, CS, and JOVINELLY then returned to Washington, D.C., where JOVINELLY and the CS exited the vehicle. The suspected heroin was subsequently analyzed by the DEA Laboratory and was found to contain fentanyl, but not heroin.

8. On May 17 and 18, 2017, the UC arranged to purchase one gram of heroin from WILLIAMS by contacting WILLIAMS on the SUBJECT TELEPHONE NUMBER, and most of the calls were recorded. On May 18, 2017, the UC traveled to Hyattsville, Maryland, at WILLIAMS' direction, and the UC was outfitted with an audio/video recording device. The UC exchanged $120 in official government funds with WILLIAMS for approximately one gram of suspected heroin. The suspected heroin was subsequently analyzed by the DEA Laboratory and was found to contain fentanyl, but not heroin.

9. On May 23 and 24, 2017, the UC arranged to purchase two grams of heroin from WILLIAMS by contacting WILLIAMS on the SUBJECT TELEPHONE NUMBER, and most of the calls were recorded. On May 24, 2017, the UC traveled to Hyattsville, Maryland, at WILLIAMS' direction, and the UC was outfitted with an audio/video recording device. The UC exchanged $240 in official government funds with WILLIAMS for approximately two grams of suspected heroin. During the transaction, the UC asked WILLIAMS about a larger, future

purchase, and WILLIAMS told the UC that he would sell 14 grams for $1,500. The suspected heroin was subsequently analyzed by the DEA Laboratory and was found to contain fentanyl, but not heroin.

10. On June 7 and 9, 2017, the UC arranged to purchase 14 grams of heroin from WILLIAMS by contacting WILLIAMS on the SUBJECT TELEPHONE NUMBER, and most of the calls were recorded. On June 9, 2017, the UC traveled to Hyattsville, Maryland, at WILLIAMS' direction, and the UC was outfitted with an audio/video recording device. The UC exchanged $1,500 in official government funds with WILLIAMS for approximately 14 grams of suspected heroin or fentanyl. During the transaction, WILLIAMS told the UC that he had a customer in Virginia who bought 25 grams at a time. Although WILLIAMS did not specify the type of drug that his Virginia customer purchased, given that the UC and WILLIAMS were conducting a heroin transaction, and coordinating future heroin transactions, I believe that WILLIAMS was indicating that he had a customer in Virginia who purchased 25 grams of heroin at a time. WILLIAMS also informed the UC that he would sell 15 grams for $1,500 to the UC for the next deal. The suspected heroin/fentanyl was not field tested for Agent safety reasons, and it is awaiting analysis at the DEA Laboratory.

11. On June 20 and 22, 2017, the UC arranged to purchase 15 grams of heroin from WILLIAMS by contacting WILLIAMS on the SUBJECT TELEPHONE NUMBER, and most of the calls were recorded. In a recorded telephone call over the SUBJECT TELEPHONE NUMBER, WILLIAMS informed the UC that he had the "gray," not the "white," but it was still good. On June 22, 2017, the UC traveled to Arlington, Virginia, within the Eastern District of Virginia, at WILLIAMS' direction, and the UC was outfitted with an audio/video recording

device. The UC exchanged $1,500 in official government funds with WILLIAMS for approximately 15 grams of suspected heroin or fentanyl. During the transaction, WILLIAMS told the UC that the "white" was a "10," and the substance he just sold the UC was an "8½." WILLIAMS also told the UC that he sometimes obtained a kilogram at a time, and he quoted prices to the UC for purchases in 50 and 100 gram quantities. The suspected heroin/fentanyl was not field tested for Agent safety reasons, and it is awaiting analysis at the DEA Laboratory.

## CONCLUSION

12. Based on the facts outlined above, I submit there is probable cause to believe that Donnell Leroy WILLIAMS is using the SUBJECT TELEPHONE NUMBER in connection with and to further a conspiracy to distribute fentanyl, a Schedule II controlled substance, and heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

13. A court order authorizing location-based services will assist investigators in determining WILLIAMS' location and where he stores narcotics and/or narcotics proceeds.

14. Revelation of the attempt to locate and investigate WILLIAMS through use of his identified telephone would greatly compromise this ongoing investigation. If alerted to the existence of the ongoing investigation, WILLIAMS would likely change patterns, change phones, resort to other communications media, or flee.

15. Once law enforcement receives an order for the type of information requested herein, it is served upon the subject telephone number's provider. Once received, it is catalogued and assigned to an electronic surveillance representative, who, based on caseload, will "provision" the subject telephone number for delivery in the appropriate "switches," thereby instructing those

switches to forward the information to the provider's central collection point. "Provisioning" can occur at any time and, except for exigent cases, is dictated solely by the provider. Thus, the FBI cannot control whether the order will be electronically implemented during day or night.

16. I believe that monitoring the transmissions from the SUBJECT TELEPHONE NUMBER, which (1) includes any time of the day or night as required; (2) is expressly limited to transmissions needed to ascertain the physical location of the SUBJECT TELEPHONE NUMBER; and (3) expressly excludes any voice communications transmitted from AT&T Corporation cellular service, will provide investigating agents the ability to conduct effective surveillance of WILLIAMS, identify his customers, identify possible residences and stash locations, and identify other co-conspirators, without compromising the ongoing investigation.

Donald August Mockenhaupt
Special Agent
Federal Bureau of Investigation


Subscribed and sworn to before me this 7th day of July, 2017.
/s/
Theresa Carroll Buchanan
United States Magistrate Judge

The Honorable Theresa Carroll Buchanan
United States Magistrate Judge
Eastern District of Virginia

7